# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Derrick Cardello-Smith,

        Plaintiff,        Case No. 25-cv-12137

v.        Judith E. Levy
        United States District Judge

Sean Combs, et al.,

        Mag. Judge Anthony P. Patti

        Defendants.

_____/

## OPINION AND ORDER DENYING THE APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* [2] AND DISMISSING THE CASE WITHOUT PREJUDICE

Plaintiff is a prisoner in the custody of the Michigan Department of Corrections. He filed his complaint in the United States District Court for the Western District of Michigan, (ECF No. 1), as well as an application for leave to proceed *in forma pauperis*. (ECF No. 2.) The case was transferred to the Court pursuant to 28 U.S.C. § 1406(a). (ECF No. 3.) For the reasons set forth below, the Court denies Plaintiff's application for leave to proceed *in forma pauperis*, (ECF No. 2), and dismisses the case without prejudice.

Plaintiffs instituting a civil action in district court are required to pay a $350 filing fee plus a $55 administrative fee before their case can proceed. *See* 28 U.S.C. § 1914(a). Although prisoners are liable for this fee the same as any other plaintiff, they are afforded some leniency. If a prisoner proceeds *in forma pauperis*, they will be permitted to pay the fee in installments, tailored to their budget. 28 U.S.C. § 1915(b).

Prisoners are not automatically entitled to proceed *in forma pauperis*. District courts can deny them this status if on three or more previous occasions they have filed a civil action while incarcerated and it has been dismissed as frivolous, malicious, or because it failed to state a claim for which relief could be granted. 28 U.S.C. § 1915(g). This is referred to as the three strikes rule. It prevents prisoners from filing a series of meritless lawsuits *in forma pauperis*. The only exception to the three-strikes rule is if the complaint plausibly alleges an "imminent danger of serious physical injury." *Id.*

The three-strikes rule clearly applies to Plaintiff, as he has had far more than three complaints dismissed for being frivolous or malicious or for failing to state a claim. *See, e.g., Smith v. Google*, 2:21-cv-11489, 2021 WL 3164282 (E.D. Mich. July 27, 2021); *North v. Scanlon*, No. 1:21-cv-

518, 2021 WL 2934834 (W.D. Mich. July 13, 2021); *Smith v. Penman*, No. 2:20-cv-12052, 2021 WL 634733 (E.D. Mich. Feb. 18, 2021); *Smith v. Unis,* No. 2:19-cv-12219, 2019 WL 3958394 (E.D. Mich. Aug. 22, 2019); *Smith v. Hall*, No. 1:18-cv-277, 2018 WL 1602633 (W.D. Mich. Apr. 3, 2018); *Smith v. Lemaire*, No. 1:14-cv-644, 2015 WL 6133144 (W.D. Mich. Oct. 16, 2015).

Plaintiff also has been made aware that he is a three-striker because he has been denied leave to proceed *in forma pauperis* as a three-striker on multiple occasions. *See Smith v. Washington*, No. 20-cv-1211, 2021 WL 302614 (W.D. Mich. Jan. 29, 2021); *Smith v. Writeaprisoner.com, Inc.*, No. 20-cv-1201, 2021 WL 210716 (W.D. Mich. Jan. 21, 2021); *Smith v. Penman*, No. 18-cv-1212, 2018 WL 6697270 (W.D. Mich. Dec. 20, 2018).[1]

---

[1] In addition, on June 30, 2025, the Court enjoined Plaintiff from filing any documents with the Court, including the filing of new complaints, without first receiving written permission from the Chief Judge or the Miscellaneous Duty Judge. *See Cardello-Smith v. Combs*, No. 24-cv-12647, 2025 WL 1951722, at *11–12 (E.D. Mich June 30, 2025). It appears, however, that Plaintiff commenced the present action before the enjoined-filer order was entered. Plaintiff's case was docketed in the United States District Court for the Western District of Michigan on June 27, 2025. (ECF No. 1, PageID.1.) That Court transferred the case here. (ECF No. 3.)

Plaintiff therefore may not proceed without prepaying fees and costs unless he satisfies the imminent-danger exception to the three-strikes rule. To qualify for the imminent danger exception,

> "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id.* at 797–98; *see also Taylor*, 508 F. App'x at 492 ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf. Pointer*, 502 F.3d at 371 n.1 (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, [the Sixth Circuit] ha[s] explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (alteration added). "The imminent danger exception is essentially a

4

pleading requirement subject to the ordinary principles of notice pleading." *Tucker v. Pentrich*, 483 F. App'x 28, 30 (6th Cir. 2012) (quoting *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011)).

In his motion seeking leave to proceed *in forma pauperis*, Plaintiff asserts that this exception applies, because Defendants' alleged conspiracy against Plaintiff threatens his safety and the safety of his family, in addition to undermining public confidence in the judicial process. (ECF No. 2, PageID.42.) In the complaint, Plaintiff alleges that Defendants conspired against him, wrongfully took away his freedom, and committed and threatened violence against him in the past. (ECF No. 1.) All of Plaintiff's assertions of imminent danger are either conclusory, clearly baseless, or refer to past alleged dangers. The imminent-danger exception to the three-strikes bar does not apply.

Accordingly, Plaintiff is ineligible for *in forma pauperis* status under 28 U.S.C. § 1915 and "he must make full payment of the filing fee *before* his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002) (emphasis added). Because Plaintiff has not paid the full fee, his complaint will be dismissed without prejudice.

5

Accordingly, for the reasons set forth, **IT IS ORDERED** that Plaintiff's application for leave to proceed *in forma pauperis*, (ECF No. 2), is **DENIED** and that his complaint is **DISMISSED WITHOUT PREJUDICE**. **IT IS FURTHER ORDERED AND CERTIFIED** that any appeal taken by the plaintiff would not be done in good faith.

IT IS SO ORDERED.

Dated: August 6, 2025  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
  United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 6, 2025.

  s/William Barkholz
  WILLIAM BARKHOLZ
  Case Manager